UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TONY A. COX, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | No. 1:11-cv-317 |
| v. | ) ) | *Mattice / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |  |
| Defendant. | ) |  |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 18].[1] Plaintiff has submitted a declaration of the time spent by his counsel on this case and a memorandum in support as well as two exhibits [Docs. 19 & 20]. Defendant has filed a response stating he has no objection to the amount requested in Plaintiff's motion, but objects to Plaintiff's request that the fee award be paid to Plaintiff [Doc. 21].

### **I. ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). There is no dispute that Plaintiff is a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B),

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

(a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of reasonable attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II. AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $174.00 for 25.5 hours of attorney work and 7.45 hours of paralegal work at an hourly rate of $50.00, a request he avers is proper under the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) and a rate for paralegal time approved by this Court in *Branson v. Astrue*, No. 3:07-CV-041, 2008 WL 2498111, at *2 (E.D. Tenn. June 17, 2008). Based on the *Cook* formula and the rate for paralegal time approved in *Branson*, I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $174.00 per hour for 25.5 hours of attorney time (which equals $4,437.00) and $50.00 per hour for 7.45 hours of paralegal time (which equals $372.50), for a total of **$4,809.50**.

Although Plaintiff specifically requests the award be paid to counsel pursuant to an assignment of fees agreement between Plaintiff and his counsel [Doc. 20-2], Defendant opposes this request, arguing the assignment is not valid pursuant to the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727. The AAA concerns "a transfer or assignment of any part of a claim against the United States Government . . . or the authorization to receive payment for any part of the claim" and

further provides under subsection (b) that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." *Id.* Defendant argues the assignment signed by Plaintiff on behalf of his attorneys is invalid pursuant to subsection (b) because it was made at the beginning of his case, not after the claim was allowed and the amount of the claim was decided.

The assignment in this case was signed on May 17, 2011 and provides that "[i]f any fees are awarded in my case under the [EAJA], I agree to assign my EAJA award to my attorneys . . ." [Doc. 20-2 at PageID #111]. Because the assignment of the EAJA award predated the award, I **CONCLUDE** payment should be made to Plaintiff. *See Cox v. Astrue*, ___ F. Supp. 2d ___, 2013 WL 217033, at *2 (E.D. Ky. Jan. 16, 2013) ("The fact that Plaintiff has executed an assignment to any entitlement he may have under the EAJA to his attorney does not change this result . . . . [w]hile the Sixth Circuit has not directly spoken on this issue, district courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void" pursuant to the AAA); *Lay v. Astrue*, 10-346-DLB, 2012 WL 5988822, at *9 (E.D. Ky. Nov. 29, 2012) (citing cases for the proposition that the AAA applies to EAJA fee awards and noting an assignment is void if it is executed prior to the award).

Plaintiff has argued in his reply that Defendant routinely waives strict compliance with the AAA in EAJA award cases under a certain procedure to verify whether the claimant owes any federal debt and, if not, Defendant pays the award directly to the claimant's attorney. Defendant acknowledges the Social Security Administration could waive the requirements of the AAA, but indicates it declines to do so at this time prior to investigating any debt Plaintiff owes to the Government. Pursuant to the cases cited by Plaintiff in support of the procedure noted above, courts have still issued the award to the claimant and left it to Defendant's discretion to honor the

3

claimant's assignment of fees to his or her attorney after the absence of debt is verified. Therefore, I make no recommendation as to what Plaintiff and Defendant may agree upon after the award is issued.

Accordingly, I **CONCLUDE** the award is payable to Plaintiff. *See generally Astrue v. Ratliff*, 130 S.Ct. 2521, 2525-26 (2010) (stating the statute "clearly distinguish[es] the party who receives the fees award (the litigant) from the attorney who performed the work that generated the fees"); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

## III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees under the EAJA [Doc. 18] be **GRANTED** and that Plaintiff be awarded fees in the amount of **$4,809.50**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).